UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIAN DALE CARTER          ]
    Plaintiff,             ]
                           ]
v.                         ]     No. 3:12-1306
                           ]     Judge Campbell
RUTHERFORD COUNTY ADULT    ]
DETENTION CENTER, et al.   ]
    Defendants.            ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Detention Center; Robert Arnold, Sheriff of Rutherford County; and four members of the Detention Center staff; seeking damages.

On November 12, 2012, the plaintiff fell down a flight of stairs at the Detention Center and injured himself. The plaintiff believes that he was injured because the defendants negligently failed to assign him to a lower bunk as required by "a medical order which does not expire".[1]

To establish a claim for § 1983 relief, the plaintiff must

---

[1] The plaintiff also claims that he was refused medical care for his injuries but does not implicate any of the instant defendants in the refusal to provide such care.

plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908 (1981).

The plaintiff alleges that he was injured due to the defendants' gross negligence. Negligent conduct, however, is not actionable under § 1983 because it does not rise to the level of a constitutional deprivation. Estelle v. Gamble, 97S.Ct. 285 (1976). This is true with respect to negligence claims arising under both the Eighth and Fourteenth Amendments. Whitley v. Albers, 106 S.Ct. 1078, 1084 (1986)(Eighth Amendment); Daniels v. Williams, 106 S.Ct. 662, 666 (1986)(Fourteenth Amendment). Thus, the plaintiff has failed to allege conduct that violates the Constitution.

In the absence of a constitutional violation, the plaintiff is unable to prove every element of his cause of action. Therefore, the plaintiff has failed to state a claim upon which § 1983 relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Todd Campbell
United States District Judge